```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

_____
                                     :
RALPH H. RASLER, II,                 :
                                     :  Civil Action No. 07-4944 (GEB)
            Petitioner,              :
                                     :
      v.                             :  **M E M O R A N D U M**
                                     :
MICHELLE RICCI, et al.,              :  **O R D E R**
                                     :
            Respondents.             :
_____ :

   IT IS APPEARING THAT:

1. On October 10, 2007, Petitioner RALPH H. RASLER, II (hereinafter "Petitioner"), currently confined at New Jersey State Prison, Trenton, New Jersey, filed a pro se petition seeking a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (hereinafter "Petition") and submitted due application to proceed in forma pauperis.

2. This Court, however, prior to examining Petitioner's application on the merits, shall determine whether Petitioner properly invoked this Court's jurisdiction, complied with applicable Habeas Rules and duly exhausted state court remedies with respect to these challenges. See Long v. Wilson, 393 F.3d 390, 402-03 (3d Cir. 2004) (stating that a court may examine an application for a writ of habeas corpus sua sponte); Herbst v. Cook, 260 F.3d 1039, 1042 & n.3 (9th

Cir. 2001); Acosta v. Artuz, 221 F.3d 117, 123 (2d Cir. 2000); Kiser v. Johnson, 163 F.3d 326, 328-29 (5th Cir. 1999)).

3. The Petition alleges the following four Grounds for relief (hereinafter, collectively, "Grounds A-D") and provides the Court with the following factual information:

   A. Ground One: Forgery Has Caused [Petitioner] a "grave injustice." Angie Mercurio - RHIT of Raritan Bay Medical Center did supply a false statement[] used against [Petitioner] at trial! [A]nd a CAT scan will prove that!

   Pet. ¶ 12(A).

   B. Ground Two: Perjury Has Caused [Petitioner] a "grave injustice." Officer[]s Gumprecht and Sztukowski lied at trial about taking [Petitioner] to [a] hospital. [And] a CAT scan will prove that too!

   Pet. ¶ 12(B).

   C. Ground Three: The officers[]s lied at trial when they said no one entered the alleged crime sce[ne] . . . 19 officers entered before the warrant was signed.

   Pet. ¶ 12(C).

   D. Ground One: Criminal Neglect - Caused [Petitioner] a "grave injustice." The cop[]s took "no" fingerprint[]s at the alleged crime scene.

   Pet. ¶ 12(D).

4. In addition to the Petition, Petitioner's application includes a "Supplemental Brief," see Pet. at 17-19, which appears to be a three-page excerpt from the brief submitted by the attorney who was preparing Petitioner's application for post-conviction relief. Petitioner partially obliterated the language of the

excerpt, plus added non-systemic liberal comments to the non-obliterated statements made in the excerpt. See id. These comments consist of arrows connecting certain statements made in the excerpt to Petitioner's comments entered on the margins and circled. See id. For instance, one of non-obliterated parts of the excerpt alleges that Petitioner's trial counsel provided Petitioner with ineffective assistance by failing, inter alia, "to arrange for [Petitioner's] CAT scan so that [Petitioner] could prove that his injuries could not possibly been caused by a bottle thrown by [an undisclosed entity]." Id. at 17. Drawing an arrow to this language, Petitioner connected the arrow to a circle on the margin, within which he entered a comment reading, "would prove forgery of med[ical] doc[tor] used against [Petitioner] at trial." Id. 17. The arrow appears to suggest that Petitioner somehow relates the aforesaid excerpted language to his Ground One reading "Forgery Has Caused [Petitioner] a 'grave injustice.' Angie Mercurio - RHIT of Raritan Bay Medical Center did supply a false statement[] used against [Petitioner at trial, a]nd a CAT scan will prove that!" Id. ¶ 12(A). However, the above-described markings provide no additional factual nor the legal basis for Petitioner's Grounds A-D. See generally, Pet.

5. "Habeas corpus petitions must meet heightened pleading requirements." McFarland v. Scott, 512 U.S. 849, 856 (1994).

3

Habeas Rule 2(c) requires a § 2254 petition to "specify all the grounds for relief available to the petitioner," "state the facts supporting each ground," "state the relief requested," be printed, typewritten, or legibly handwritten, and be signed under penalty of perjury.  28 U.S.C. § 2254 Rule 2(c).  Habeas Rule 4 requires a judge to sua sponte dismiss a § 2254 petition without ordering a responsive pleading "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."  28 U.S.C. § 2254 Rule 4.  Thus, "[f]ederal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face."  McFarland, 512 U.S. at 856.  Dismissal without the filing of an answer or the State court record has been found warranted when "it appears on the face of the petition that petitioner is not entitled to relief."  Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989); see also United States v. Thomas, 221 F.3d 430, 437 (3d Cir. 2000) (vague and conclusory allegations contained in a petition may be disposed of summarily without further investigation by the district court); United States v. Dawson, 857 F. 2d 923, 928 (3d Cir. 1988) (same).  The Supreme Court recently explained the pleading requirements under the Habeas Rules as follows:

> Under Rule 8(a), applicable to ordinary civil proceedings, a complaint need only provide "fair

> notice of what the plaintiff's claim is, and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47 . . . (1957). Habeas Rule 2(c) is more demanding. It provides that the petition must "specify all the grounds for relief available to the petitioner" and "state the facts supporting each ground." See also Advisory Committee's note on subd. (c) of Habeas Corpus Rule 2, 28 U.S.C., p. 469 ("In the past, petitions have frequently contained mere conclusions of law, unsupported by any facts. [But] it is the relationship of the facts to the claim asserted that is important . . . ."); Advisory Committee's Note on Habeas Corpus Rule 4, 28 U.S.C., p. 471 ("'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a real possibility of constitutional error." (internal quotation marks omitted)) . . . . A prime purpose of Rule 2(c)'s demand that habeas petitioners plead with particularity is to assist the district court in determining whether the State should be ordered to "show cause why the writ should not be granted." § 2243. Under Habeas Corpus Rule 4, if "it plainly appears from the petition . . . that the petitioner is not entitled to relief in district court," the court must summarily dismiss the petition without ordering a responsive pleading. If the court orders the State to file an answer, that pleading must "address the allegations in the petition." Rule 5(b).

Mayle v. Felix, 545 U.S. 644, 655 (2005).

6.  Lack of subject matter jurisdiction may be raised by the Court sua sponte at any time. See Bender v. Williamsport Area School Dist., 475 U.S. 534, 541 (1986); Louisville & Nashville Railroad Co. v. Mottley, 211 U.S. 149, 152 (1908); Van Holt v. Liberty Mutual Fire Ins. Co., 163 F.3d 161, 166 (3d Cir. 1998). "The exercise of judicial power under Art. III of the Constitution depends on the existence of a case or controversy." U.S. Nat'l Bank of Oregon v. Independent Ins.

5

Agents of America, Inc., 508 U.S. 439, 445 (1993) (quoting Preiser v. Newkirk, 422 U.S. 395, 401 (1975)); see also Flast v. Cohen, 392 U.S. 83, 97 (1968); see also Aetna Life Ins. Co. of Hartford, Conn. v. Haworth, 300 U.S. 227, 240-241 (1937). Section 2254(a) of Title 28 of the United States Code gives a district court jurisdiction to entertain a habeas petition challenging a state judgment only on the ground that the inmate's custody violates federal law:

> [A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a).

Thus, to invoke habeas corpus review by a federal court, the petitioner must satisfy two jurisdictional requirements: the status requirement that the petitioner be "in custody," and the substance requirement that the petition challenge the legality of that custody on the ground that it is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); see also Maleng v. Cook, 490 U.S. 488, 490 (1989); 1 James S. Liebman & Randy Hertz, Federal Habeas Corpus Practice and Procedure § 8.1 (4th ed. 2001). Petitioner satisfies the status requirement because, according to the petition, he is in custody of the State of New Jersey.

7.   If the Court is to assess Petitioner's Grounds A-D, as stated in the Petition, it is clear from the face of the Petition that this Court lacks jurisdiction over the Petition because Petitioner does not indicate that his custody is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). "In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); 28 U.S.C. § 2254(a); accord Barry v. Bergen County Probation Dept., 128 F.3d 152, 159 (3d Cir. 1997). In reviewing a § 2254 petition, a federal court is not permitted to address a federal constitutional claim pertinent to the facts of the case unless the petitioner asserts the claim.[1]  Nor may the Court recharacterize a ground asserted under state law as a federal

---

[1] See, e.g., Withrow v. Williams, 507 U.S. 680, 695-96 (1993) (where habeas petition raised claim that the police had elicited petitioner's statements without satisfying Miranda, the district court erred when it "went beyond the habeas petition and found the statements [petitioner] made after receiving the Miranda warnings to be involuntary under due process criteria"); Baker v. Barbo, 177 F.3d 149, 156 n.7 (3d Cir. 1999) (where petition contains ground asserting the ineffective assistance of counsel during plea negotiations and trial, court is not permitted to consider ground, evident from the facts but not raised in the petition, that appellate counsel was ineffective by failing to advise petitioner that he faced a longer sentence by appealing the conviction).

constitutional claim.[2]  Therefore, this Court lacks subject matter jurisdiction over the Petition because it does not raise a federal claim, and will dismiss the Petition accordingly.

8. If this Court is to assess the Petition in conjunction with Petitioner's "Supplemental Brief," Petitioner's application should be summary dismissed under Habeas Rule 4 because it does not sufficiently state a claim for relief under § 2254 and Habeas Rule 2(c). The "Supplemental Brief" merely indicates that Petitioner's collateral review counsel challenged the performance of Petitioner's trial counsel, as well as that of the attorney representing Petitioner on his direct appeal. See Pet. at 17-19. The "supplemental Brief" is, however, silent as to whether the challenge was extended under federal law or under New Jersey law (or the law of any other state). Therefore, the entire Petitioner's application fails to state a claim for relief in view of the holding reached by the Court of Appeals for the Third Circuit in Anderson v. Pennsylvania Attorney General, 82 Fed. App. 745

---

[2] See Engle v. Isaac, 456 U.S. 107 119-20 & n.19 (1982) (insofar as petitioners simply challenged the correctness of the self-defense instructions under state law, their petitions alleged no deprivation of federal rights and § 2254 was inapplicable); Kontakis v. Beyer, 19 F.3d 110, 116-17 & n.10 (3d Cir. 1994) (where petitioner asserted in § 2254 petition that the exclusion of testimony violated his rights under state law, federal court may not consider ground, not set forth in the petition, that exclusion of the testimony violated his federal due process rights).

(3d Cir. 2003).  In Anderson, a state prisoner filed a "Motion for an Extension of Time to File Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254" stating that "his grounds for habeas relief [were] based on the ineffective assistance of counsel."  Id. at 747.  The United States District Court for the Middle District of Pennsylvania denied the motion, and the petitioner filed a motion for reconsideration arguing that the motion contained sufficient information to constitute a § 2254 petition and, therefore, the district court erred by failing to recharacterize the motion or to give him time to file a more specific pleading.  After the District Court denied the motion for reconsideration, the United States Court of Appeals for the Third Circuit granted a certificate of appealability.  While the Court of Appeals found that Anderson's allegations "that he [was] in custody in violation of the law, that his grounds for relief are based on the ineffective assistance of counsel and that he needed more time to file a habeas petition [were] sufficient to present a case or controversy and invoke the court's jurisdiction," id. at 749, the Court concluded that the District Court did not err by refusing to recharacterize the motion as a § 2254 petition or failing to provide notice under Mason v. Meyers, 208 F. 3d 414 (3d Cir. 2000), and United States v. Miller, 197 F. 3d 644, 649-52 (3d Cir. 1999), because the statements made by the petitioner in

his motion for an extension of time did not sufficiently state a claim for relief under § 2254 and Habeas Rule 2(c), and would therefore have been subject to summary dismissal under Habeas Rule 4.  Specifically, the Court of Appeals stated:

> We further conclude that the District Court did not err by failing to recharacterize Anderson's motion as a § 2254 motion and provide him notice under Miller and Mason where Anderson did not sufficiently state a claim for relief.  If the District Court had recharacterized the motion, it was subject to summary dismissal.  See United States v. Thomas, 221 F. 3d 430, 438 (3d Cir. 2000) (stating that vague and conclusory grounds for habeas relief are subject to summary dismissal); Rule 2 of the Rules Governing Section 2254 Cases (providing that habeas petitions shall set forth all grounds for relief and facts supporting those grounds).

Anderson, 82 Fed. App. at 749.[3]

---

[3] Moreover, the Court of Appeals expressly rejected the petitioner's argument that the District Court "had to know that the claims in his habeas petition were [properly exhausted federal claims] because he was required to satisfy exhaustion requirements." Anderson, 82 Fed. App. at 750.  "The District Court cannot assume that a petitioner will bring the same claims in federal court that he presented to the state courts." Id.  If this Court is to assess the Petition jointly with the "Supplemental Brief," it is clear from the face of Petitioner's application that Petitioner's claims are unexhausted.  Petitioner was convicted by New Jersey Superior Court, Middlesex County, on January 16, 2003. See Pet. § 1.  Petitioner appealed his conviction to New Jersey Superior Court, Appellate Division, which affirmed the lower court's conviction and sentence. See id. § 9.  On direct review, Petitioner sought certification from the Supreme Court of New Jersey, which denied Petitioner certification. See id.  By contrast, although Petitioner filed his application for post-conviction relief, which was denied by the Superior Court of New Jersey, Law Division, see id. § 11, Petitioner did not appeal denial of his application for post-conviction relief.  Since Petitioner's "Supplemental Brief" is attempting to utilize some of the claims made by his collateral review counsel, i.e., to state

Accordingly, this Court will dismiss Petitioner's entire application (consisting of his Petition and "Supplemental Brief") without prejudice pursuant to Habeas Rule 4, as well as for failure to exhaust state remedies.[4]

---

claims vaguely related to the claims that were presented only to the Superior Court of New Jersey, Law Division, Petitioner's challenges as to the performance of his trial and direct-appeal counsel is unexhausted, since these claims were presented neither to the Superior Court, Appellate Division, nor to the Supreme Court of New Jersey.

[4] It appears that Petitioner's § 2254 rights will not be prejudiced by such dismissal. Petitioner was convicted by New Jersey Superior Court, Middlesex County, on January 16, 2003. See Pet. § 1. Petitioner appealed his conviction to New Jersey Superior Court, Appellate Division, which affirmed the lower court's conviction and sentence on September 7, 2005. See id. § 9. Petitioner sought certification from the Supreme Court of New Jersey, which denied Petitioner certification on November 15, 2005. See id. The order was filed on November 17, 2005. See State v. Rasler, 185 N.J. 392 (2005). Therefore, Petitioner's § 2254 *one-year* period of limitations began to run ninety days after November 15, 2005, that is, on February 13, 2006 (unless Petitioner's post-conviction petition was already pending by that date, thus preventing the triggering of the period of limitations altogether), and was statutorily tolled on the date when Petitioner filed his application for post-conviction relief. The tolling expired, and Petitioner's *one-year* period of limitations resumed running, when Petitioner's period to appeal denial of post-conviction relief by the Superior Court of New Jersey, Law Division (which was rendered on February 8, 2007). See id. § 11. Consequently, if Petitioner desires to seek § 2254 review of the claims exhausted by Petitioner during his direct appeal, it appears that Petitioner has time to promptly file a new § 2254 petition clearly stating federal claims that duly invoke this Court's jurisdiction, satisfy Habeas Rule 2(c) and the exhaustion requirement. Alternatively, it appears that Petitioner may exhaust his unexhausted claims in state courts without risking to have his new § 2254 application time-barred, provided that Petitioner promptly initiates his state action. Finally, in the event (a) Petitioner's § 2254 one-year period of limitations is likely to expire prior to Petitioner's filing of his state action, *and* (b) Petitioner desires to seek § 2254 review of the claims exhausted by Petitioner during his direct appeal, as

9.  Because Petitioner has not made a substantial showing of the denial of a constitutional right, no certificate of appealability will issue pursuant to 28 U.S.C. § 2253(c). See Fed. R. App. P. 22(b)(1).

IT IS on this ___28th___ day of ___November___, 2007,

ORDERED that Petitioner's application to proceed in forma pauperis is granted; and it is further

ORDERED that the Petition for a writ of habeas corpus is dismissed without prejudice to the filing of a new petition subject to the one-year statute of limitations, see 28 U.S.C. § 2244(d); and it is further

ORDERED that a certificate of appealability is denied, see 28 U.S.C. § 2253(c)(2); and it is finally

ORDERED that the Clerk shall serve this Order by regular mail upon Petitioner and close the file in this matter.

/s/ Garrett E. Brown
**GARRETT E. BROWN, JR.**
**Chief Judge**
**United States District Court**

---

well as a review of his unexhausted post-conviction claims (or any other unexhausted claims), Petitioner may file a new § 2254 petition (clearly stating federal claims that duly invoke this Court's jurisdiction and satisfy Habeas Rule 2(c)), together with an application for stay-and-abeyance showing that Petitioner's unexhausted claims satisfy the requirements set forth in Rhines v. Weber, 544 U.S. 269, 277-78 (2005).